**Eldwyn LEWIS, Appellant,**

v.

**ST. LOUIS UNIVERSITY, Appellee.**

No. 83–2463.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1984.

Decided Oct. 2, 1984.

Rehearing and Rehearing En Banc Denied Nov. 1, 1984.

loss of wages alone amounted to between $15,-000 and $20,000.

Michael P. Burke, Larry M. Bauer, St. Louis, Mo., for appellee St. Louis University; Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., of counsel.

Doris Gregory Black, St. Louis, Mo., for appellant.

Before ROSS, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

This appeal was brought by Eldwyn Lewis from an adverse judgment entered by the district court[1] on his employment discrimination claim against St. Louis University. 573 F.Supp. 300. We affirm.

Lewis was a black male student and employee at the St. Louis University. In 1971 he entered a five-year Ph.D. program seeking his doctorate in Sociology. In 1974 Lewis was hired by the University as the Director of the Afro-American Studies Institute; he was also given the position of Instructor in the Department of Sociology-Anthropology. He was employed under one-year contracts for the 1974–75, 1975–76, and 1976–77 academic years.

At the end of the 1976–77 academic year, Lewis was informed that his services as Director of the Institute would be terminated on June 30, 1977. The University's decision was based on the recommendation of the Dean of the College of Arts and Sciences. His recommendation was premised on a report issued in 1977 by the Afro-American Studies Advisory Board which identified many deficiencies in the operation and management of the Institute. Lewis was simultaneously notified that his appointment as Instructor would terminate at the end of the 1977–78 academic year, and that his salary would be reduced from $20,000 to $15,000 during that final year. The faculty position was an "add on" position because of Lewis' status as Director of the Institute; it was not a permanent position.

Lewis appealed these decisions to the President of the University challenging the procedures employed by the University in deciding not to reappoint him. An *ad hoc* committee made up of three tenured professors reviewed the decision, and recommended that Lewis be evaluated by all the faculty in the department concerning possible reinstatement. The committee also recommended that Lewis be paid the $5,000 salary difference he lost in the 1977–78 academic year. These recommendations were implemented in full by the University, however, on May 17, 1978, the sociology faculty considered Lewis' professional qualifications and performance, and recommended against his reinstatement.

In November of 1978, during the dispute surrounding Lewis' employment, he contacted his faculty advisor to receive an extension of time on his dissertation proposal. In January 1979 a formal proposal for a 12-month extension was presented, and granted, with the expressed exception that no further extensions would be given without special action by the Graduate Board of Studies. In December of 1979, Lewis presented and defended his proposal before the entire department, as is customary. The entire department faculty, with the exception of his advisor, believed that the proposal was inadequate. Lewis did not seek to renew his proposal or gain another extension.

Thereafter, Lewis filed this action in district court claiming that the University vio-

---

1. The Honorable H. Kenneth Wangelin, Senior United States District Judge for the Eastern and Western District of Missouri.

lated Title VII, and 42 U.S.C. § 1981, by refusing to renew his employment, and that the University retaliated against him for filing discrimination charges by failing to approve his dissertation proposal.[2] After a three-day bench trial, the district court held in favor of the University. The court determined that the evidence failed to demonstrate that the plaintiff was qualified for the teaching position, or that the University sought to fill or had filled the position. The court held that Lewis had failed to make out a prima facie case of disparate treatment by the University; no discriminatory intent was shown. As to the retaliation charge, the court held that Lewis had not demonstrated any causal connection between his EEOC filing and the disapproval of his proposal. This appeal followed.

We have carefully studied the record in this case and believe that the fact findings of the district court were not clearly erroneous, and that the court was correct in its application of the law. In accordance with the rules of this court, we affirm the judgment of the district court. *See* 8TH CIR. R. 14.

---

**2.** Lewis had previously filed an employment discrimination charge against the University, in which the EEOC issued a "no reasonable cause" determination. Lewis filed an action in federal court, but it was dismissed without prejudice in 1980. See also 635 F.2d 700.